## JACOBS v. UNITED STATES.

### No. 9325.

Circuit Court of Appeals, Fifth Circuit.

May 27, 1940.

Rehearing Denied July 8, 1940.

Fred G. Benton, of Baton Rouge, La., for appellant.

Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Rene A. Viosca, U. S. Atty., and Robert Weinstein, Asst. U. S. Atty., both of New Orleans, La., for the United States.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Ernest Jacobs brought suit against the United States on a policy of war risk insurance issued to his father, Alex Jacobs. A jury trial was waived and the cause was heard by the court on agreed facts. Judgment was entered for the United States and Ernest Jacobs has appealed.

The appellant contends that the insurance which had lapsed for nonpayment of premium due August 1, 1919, was revived under Section 305 of the World War Veterans' Act, 38 U.S.C.A. § 516, and that he, as a child of the insured, is entitled to receive the proceeds now due on the policy. He relies on the provisions of Section 305 as amended by Act July 2, 1926, § 16: "Provided, That insurance hereafter revived * * * shall be paid only to the insured, his widow, child or children, dependent mother or father, * * *."

The Government contends that the insurance was not "hereafter revived" within the meaning of the amendment. It claims that the insurance was revived prior to July 2, 1926, when all the prescribed conditions for revival actually existed; and that the insurance, if payable at all, is payable under the provisions of Section 303 of the World War Veterans' Act, 38 U.S.C.A. § 514, to the personal representative of the assured.

We rest our decision on the failure of the appellant to bring himself within the provisions of the World War Veterans' Act, Section 3, 38 U.S.C.A. § 424, which provides:

"Definitions of words and phrases. * * *

"(1) The term 'child' includes— * * *

"(d) An illegitimate child, but, as to the father only, if acknowledged in writing signed by him, or if he has been judicially ordered or decreed to contribute to such child's support, or has been judicially decreed to be the putative father of such child."

The stipulation in the record shows that Ernest Jacobs was born of an unmarried relation between Alex Jacobs and Josephine Moore, and that there was no legal impediment to marriage existing between the parties at the time appellant was conceived and born. The stipulation further shows that Alex Jacobs never acknowledged his son, Ernest, in writing. The judgment of the 18th Judicial District Court of Louisiana in the Succession of Alex Jacobs is not binding in this case, and in view of the stipulation of facts the allegation in the amended pleadings that Ernest Jacobs "is the natural, duly acknowledged child of Alex Jacobs" fails.

Ernest Jacobs does not qualify as a child under the provisions of the Act and, therefore, cannot recover under any proper view of the case.

The judgment is affirmed.